**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

NICK JACOBS                                            *

        **Plaintiff**                              *

   **v.**                                              *                **CIVIL CASE NO.  JKB-12-3551**

HP ENTERPRISE SERVICES, LLC          *

       **Defendant**                           *
  *    *    *    *    *    *    *    *    *    *    *    *

<u>**MEMORANDUM**</u>

Now pending before the Court is the Plaintiff's MOTION TO REMAND (ECF No. 20).

The Motion will be DENIED by separate order.

Although the Plaintiff correctly argues that removal jurisdiction rules and principles must

be strictly construed, and that doubt should be resolved in favor of a remand, those doubts must

be material in their significance before they compel a federal court to return a matter such as this

to the state forum.  Here, Plaintiff complains that when Defendant removed the matter to this

Court, it was not represented by an attorney admitted to practice in this Court.  There is no

dispute that the attorney was admitted to the bar of the state of Maryland at the time – she was.

The facts and circumstances in this case are different from those prevailing in *Cluck-U*

*Corporation v. CUC of Maryland, Inc.*, DKC10-2105, 2010 WL 3516937 (D.Md. Sept. 7, 2010),

where Chief Judge Chasanow remanded a case after it was removed by a non-attorney member

of the LLC defendant.  In *Cluck-U*, the LLC was utterly without legal representation, and a "non-

human" entity is fundamentally unable to act in a court proceeding except through an attorney.

<u>Id</u>.  Here, the Defendant was represented by an attorney licensed to practice in the state of

Maryland, and while certainly she should have gained admission here before purporting to

practice in this Court, it cannot be said that she was without authority to represent her client

generally, or that the "non-human" defendant was unable to act in a legal proceeding at all for lack of an attorney.  Upon notification by the Clerk that the removal had been made by a lawyer not admitted in this Court, Defendant immediately secured qualified counsel to carry on the representation here.  While technical compliance with the rules and deadlines is required in the removal context, Plaintiff would have the Court unreasonably elevate form over substance in this instance, which it will not.

The Motion will be denied by separate order.


DATED this 16th day of January, 2013.


BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge