**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                                  |   |                        |
|----------------------------------|---|------------------------|
| **NICK JACOBS,**                 | * |                        |
| Plaintiff                        | * |                        |
| v.                               | * | CIVIL NO. JKB-12-3551  |
| **HP ENTERPRISE SERVICES, LLC,** | * |                        |
| Defendant                        | * |                        |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

### *I. Background*

Plaintiff Nick Jacobs filed this lawsuit in Maryland state court based upon breach of contract, violation of the Maryland Wage Payment Collection Law, and fraud. (Compl., ECF No. 2.) After Defendant HP Enterprise Services ("HP") removed the case to federal court, it filed a motion to dismiss Count III of the complaint as well as an answer to the other two counts. (ECF Nos. 1, 9, 10.) The motion to dismiss is ready for adjudication following Plaintiff's response in opposition (ECF No. 36) and Defendant's reply (ECF No. 37). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). The motion will be denied.

### *II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the

*Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## III. Analysis

Incorporating the rest of the complaint's allegations, Count III alleges the following:

- During HP's fiscal years 2011 and 2012,[1] Jacobs was employed as a sales strategist and was to be paid commissions when his sales exceeded certain quotas set forth in two "Sales Letters" provided by HP to Jacobs. (Compl. ¶¶ 1-3.)
- The Sales Letters, attached to the complaint, set forth metrics for determining commissions. (*Id.* Ex. 1, Ex. 2.)
- The 2011 Sales Letter was provided to Jacobs on March 22, 2011, and was effective as of November 1, 2010. (*Id.* Ex. 1.)
- The 2012 Sales Letter was provided to Jacobs on December 15, 2011, and its effective date was November 1, 2011. (*Id.* Ex. 2.)
- In March 2011, Jacobs agreed to a change in the quotas, which were then set at a higher level from those listed in the 2011 Sales Letter. (Compl. ¶¶ 3, 4.)
- Jacobs also received from HP a spreadsheet calculator by which his commissions could be calculated. (*Id.* ¶ 6.)

---

[1] The fiscal year 2011 ended on October 31, 2011. (Compl. ¶ 22.)

- During the fiscal years 2011 and 2012, Jacobs made sales that, according to the Sales Letters and the spreadsheet calculators, earned him commissions. (*Id.* ¶ 7.)
- For fiscal year 2011, Jacobs calculated that he had earned $632,378 in commissions. (*Id.* ¶ 9.)
- HP paid Jacobs $397,130.27 in commissions for fiscal year 2011, refusing to pay Jacobs the additional $235,247.70 due to him. (*Id.* ¶ 10.)
- For fiscal year 2012, Jacobs calculated that he had earned $288,675 in commissions. (*Id.* ¶ 11.)
- HP paid Jacobs $90,453.13 in commissions for fiscal year 2012, refusing to pay Jacobs the additional $198,221.87 due to him. (*Id.* ¶ 12.)
- HP retroactively changed the commission rate after Jacobs made sales. (*Id.* ¶¶ 37-38.)
- HP had no intention of paying Jacobs commissions at the rate set forth in the Sales Letters. (*Id.* ¶ 37.)
- HP intended to change the commission rate retroactively after Jacobs made sales. (*Id.* ¶ 37.)
- HP intended Jacobs to rely upon the Sales Letters' methodology for computing sales commissions and thereby induced him to continue to make sales for HP. (*Id.* ¶ 40.)
- Jacobs was entitled to rely and did rely upon the representation of HP that it would pay him the commission rate established in the Sales Letters. (*Id.* ¶¶ 41, 42.)
- Jacobs sustained actual damages when he performed work for which he was promised a specific commission rate and for which HP has not paid him the promised commission. (*Id.* ¶ 44.)

HP has attacked the claim of fraud, contending that Jacobs has failed to plead it with particularity and that he cannot satisfy the elements of fraud. Under Federal Rule of Civil

Procedure 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud . . . ." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

The "circumstances constituting fraud" include time, place, and contents of the fraudulent representation, the identity of the person making the misrepresentation, and what that person obtained. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999). Having reviewed the complaint, including its attached Sales Letters,[2] the Court concludes that Jacobs has adequately pled the particularity requirements as set forth in *Harrison*.

The second part of HP's argument is that the complaint fails to allege conduct constituting fraud. Under applicable Maryland law, the elements of a fraud claim are the following: (1) the defendant made a false representation to the plaintiff, (2) either the representation's falsity was known to the defendant, or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff had the right to rely upon the misrepresentation and did so rely, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation. *Gourdine v. Crews*, 955 A.2d 769, 791-92 (Md. 2008).

HP has specifically cited two cases decided by the undersigned to support its contention that Count III fails to state a claim for relief. In the first case, *Int'l Fid. Ins. Co. v. Mahogany, Inc.*, Civ. No. JKB-11-1708, 2011 U.S. Dist. LEXIS 93709 (D. Md. Aug. 22, 2011), the fraud counterclaim was found to be little more than a recitation of the elements of fraud, with virtually no supporting factual allegations. Consequently, the allegations were insufficient to permit a plausible inference of fraud. *Id.* at *7. In the second case, *Van Leer v. Deutsche Bank Secs., Inc.*, Civ. No. JKB-10-1076, 2011 U.S. Dist. LEXIS 9857 (D. Md. Feb. 2, 2011), *aff'd*, 479 F.

---

[2] HP does not dispute the authenticity of the Sales Letters or that it provided them to Jacobs.

App'x 475 (4th Cir. May 2, 2012) (unpublished), the plaintiff's claim of fraud failed because of the absence of factual allegations to permit a conclusion that the defendant was untruthful. *Id.* at *10. Neither of those cases is on point with the instant case. Here, in contrast with *Mahogany* and *Van Leer*, Jacobs has provided specific factual allegations that allow a plausible conclusion that HP defrauded Jacobs. Specifically, HP is alleged to have told Jacobs how his commissions were going to be computed, to have permitted Jacobs to make lucrative sales on HP's behalf while Jacobs believed he was going to be compensated at the rate in the Sales Letters, and to have retroactively changed the commission rate after the sales were made. These allegations plus the permissibly general allegations regarding HP's intent, knowledge, and state of mind are sufficient for Jacobs to proceed on Count III.

Accordingly, Defendant's motion for dismissal of Count III is hereby DENIED.

DATED this 13th day of February, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge